**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

THEODORE SCOTT                                             :

    Plaintiff                                        :

v                                                         :          Civil Action No. JFM-06-2287

PATRICIA JESSAMY                                          :

    Defendant                                        :
o0o

**<u>MEMORANDUM</u>**

The above-captioned civil rights complaint, filed August 29, 2006, alleges that plaintiff's public

defender violated his civil rights with respect to her representation in his criminal trial.  Paper No. 1.    In

addition to the complaint, plaintiff has filed a motion to proceed in forma pauperis. Paper No. 2.  Because

he appears to be indigent, his motion shall be granted.  For the reasons that follow, the complaint must be

dismissed without prejudice.

Plaintiff asserts that he is entitled to money damages because the public defender assigned to his

case violated his rights when a twenty-four year-old criminal conviction was relied upon to induce him to

plead guilty to assault charges.   Paper No. 1.  Plaintiff pled guilty to second degree assault on September

7, 2005, and has filed petitions for writ of habeas corpus in this court seeking to challenge that conviction

which were dismissed for failure to exhaust state remedies.  *See Scott v. Jessamy*, Civil Action No. JFM-

06-1407 (D. Md. 2006); *Scott v. Jessamy*, Civil Action No. JFM-06-2286 (D. Md. 2006).  The claims

asserted in the instant complaint implicate the validity of plaintiff's criminal conviction and may not be raised

unless or until plaintiff's conviction is reversed, expunged, invalidated, or impugned.   *See Heck v.*

*Humphrey*, 512 U. S. 477, 487 (1994).  Plaintiff's claims for damages cannot be entertained by this court

unless he has first successfully challenged his criminal conviction. Complaints raising claims  implicating the

validity of a criminal conviction prior to the reversal of that conviction must be dismissed without prejudice

and, in the event the conviction is reversed, may be raised at that time.

A separate order follows.


<u>September 14, 2006</u>                                        /s/_____
Date                                                                      J. Frederick Motz
                                                                          United States District Judge